ORIGINAL

# In the United States Court of Federal Claims

No. 17-565C
(Filed: August 16, 2017)

FILED
AUG 16 2017
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MONIKA COOPER-KRUEGER,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff filed her complaint on April 24, 2017, along with a notice of intent to file classified information. On May 9, 2017, we issued an order directing plaintiff to answer certain questions regarding the classified information that she might disclose. Plaintiff did not respond to that order. On June 23, 2017, defendant filed a motion to dismiss. That motion is now fully briefed.[1] Because the complaint and plaintiff's other filings fail to allege a basis on which this court would have jurisdiction, the motion must be granted.

The complaint and attachments do not offer much detail, but we are able to ascertain a basic outline of the alleged claim from them when read in conjunction with defendant's motion and plaintiff's response. Plaintiff claims that she was a Department of State employee seconded to the North Atlantic Treaty Organization ("NATO") and that she was improperly denied a disability pension by NATO. She claims that NATO's actions in this regard are attributable to the

---

[1] The clerk's office also subsequently received from plaintiff an additional copy of her original filings. Those documents need not be filed again and should be returned to plaintiff unfiled.

7012 3460 0001 7791 8651

United States government because the personnel involved at NATO were also Department of State employees. Plaintiff cites a variety of federal civil rights and disability statutes as having been violated.

Defendant moves to dismiss on the basis that the allegations in question do not implicate the United States and that, even if they did, they are tort claims outside of our jurisdiction. Defendant further argues that the statutes cited in the complaint due not contain any provisions mandating the payment of money to plaintiff and thus, without such, cannot form the basis of a colorable claim in this court.

We agree with defendant. Regardless of whether plaintiff or the other NATO officials involved were originally employed by the United States and then loaned to NATO, the official actions complained of were taken on behalf of NATO. It is a NATO pension that plaintiff seeks, and the regulations that she cites as having been violated are those of NATO, not the United States. Plaintiff has not identified what statute or regulation of the United States would entitle her to the benefits that she seeks

This court has jurisdiction to hear claims for money against the United States based on the Constitution, federal statutes, regulations, or based on a contract with the United States. *See* 28 U.S.C. § 1491(a) (2012). What this means is that the claim must be based on a provision of federal law or a contract that can be read to direct payment from the United States to the claimant.[2] *See Fisher v. United States*, 402 F.3d 1167, 1174-75 (Fed. Cir. 2005). Plaintiff has not done so here. We have examined each of the statutes cited by plaintiff in her complaint, and none of them provide a basis for jurisdiction in this court. Plaintiff's complaint must therefore be dismissed.

Accordingly, the following is ordered:

1. Defendant's motion to dismiss is granted.

2. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and to enter judgment accordingly.

3. The clerk's office is directed to return to plaintiff the recently submitted

---

[2] That source of law cannot be a treaty with a foreign nation or nations. 28 U.S.C. § 1502 (2012) (stating that the Court of Federal Claims has no jurisdiction over claims brought pursuant to treaties with foreign nations).

copy of her original complaint and other filings.

							_____
							ERIC G. BRUGGINK
							Senior Judge